UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AMY JOHNSON, </br>    Plaintiff, </br> -v- </br> COMMISSIONER OF SOCIAL SECURITY, </br>    Defendant. | No. 1:23-cv-1231 </br></br> Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDAITON

Plaintiff Amy Johnson filed this civil lawsuit appealing the decision denying social security benefits. The Magistrate Judge issued a report recommending the Court affirm the decision to deny benefits and to deny the appeal (ECF No. 22). Plaintiff filed objections (ECF No. 23 Obj.). The Court will adopt the report and recommendation.

I.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

## II.

Plaintiff describes her objection as follows: "At issue is the ALJ's evaluation of the residual cognitive and physical effects from Plaintiff's strokes on her ability to perform the requirements of manipulative, postural, and mental requirements of sedentary work" (Obj. PageID.2336). Plaintiff contends she suffered two strokes that have affected her right side and have also caused cognitive deficits. Plaintiff argues the ALJ failed to consider the residual effects of the strokes, "particularly on her ability to use both arms in performing work activities" (*id.* PageID.2338). Plaintiff notes that the RFC does not include limitations on Plaintiff's use of her right arm and hand.

The Court notes that at Step 3, the ALJ did consider and rejected listing 11.04 (vascular insult to the brain) (ECF No. 6-2 at PageID.37-38). The Magistrate Judge summarized the ALJ's findings at Step 3. Plaintiff does not argue that the Magistrate Judge or the ALJ erred at Step 3.

The Court overrules Plaintiff's objection. The ALJ's decision reflects that, as part of the RFC, she considered and rejected the alleged residual effects of the strokes on Plaintiff's cognitive abilities and Plaintiff's ability to use her right side. The ALJ acknowledged that Plaintiff alleged that her "cardiovascular accident," among other things, "prevent her from performing basic work activities" and specifically that Plaintiff alleged that she "developed residual pain and weakness affecting her right upper and lower limbs since the stroke" (ECF No. 6-2 PageID.40). The ALJ also acknowledged that Plaintiff testified that she developed diminished cognitive abilities following the strokes (*id.* PageID.41). The ALJ found,

however, that the evidence did not support Plaintiff's "statements concerning the intensity, persistence and limiting effect of these symptoms" (*id.*).

The Magistrate Judge accurately summarized the record and the ALJ's findings and conclusions. The Magistrate Judge included a discussion of Plaintiff's testimony (R&R PageID.2331) and noted the ALJ's conclusion that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the evidence in the record (*id.* PageID.2332). The Magistrate Judge rejected Plaintiff's assertion that the ALJ failed to consider the residual effects of Plaintiff's strokes (*id.* PageID.2333-34).

Plaintiff has not demonstrated any error in the R&R. The ALJ did not reject outright that the strokes affected Plaintiff's right side. The ALJ evaluated and considered the "prior administrative medical findings provided by ... Dale Blume, M.D., and Edward Brophy, D.O." (*id.* PageID.44). Blume found Plaintiff did have postural limitations but did not have "manipulative limitations" (*id.* PageID.93). Brophy reached the same conclusions (*id.* PageID.106-07). The ALJ noted that some of Plaintiff's complaints, including her "residual right-sided weakness," among other things, "pose greater limitations on the claimants postural and environmental capabilities" (*id.* PageID.44). As a result, the ALJ adopted "more restrictive postural and environmental limitations ... as adopted in the above residual functional capacity" (*id.* PageID.45).

That the ALJ did not include manipulative limitations in the RFC does not establish an error. Plaintiff points to treatment notes and other evidence to show that she suffers from limited use of her right arm and hands. Plaintiff has not demonstrated that the ALJ erred in

3

her application of the relevant rule as not every manipulative impairment affects the RFC. The relevant guidance, SSR 96-9P indicates that a "*significant* manipulative limitation of an individual's ability to handle and work with small objects with both hands will result in a significant erosion of the unskilled sedentary occupational base." (italics in original). But, "[t]he ability to feel the size, shape, temperature, or texture of an object by the fingertips is a function required in very few jobs and impairment of this ability would not, by itself, significantly erode the unskilled sedentary occupational base." In addition, because the ALJ did consider the findings of both Blume and Brophy, Plaintiff's argument functionally asks the Court to reweigh the evidence, which does not establish an error that this Court may correct.

Accordingly, the Court **ADOPTS** the Report and Recommendation (ECF No. 22).

**IT IS SO ORDERED.**

Date:   February 10, 2025                                   /s/  Paul L. Maloney
                                                                              Paul L. Maloney
                                                                              United States District Judge